UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYSTAL MAPLE and DEREK STEPHENS,<br><br>Plaintiffs,<br><br>v.<br><br>RAINBOW'S END RECOVERY CENTER, LLC, an Idaho limited liability company, ALY BRUNER, and NANCY DEL COLLETTI,<br><br>Defendants. | Case No. 4:17-cv-00335-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Rainbow's End Recovery Center, LLC, Aly Bruner, and Nancy Del Colletti's[1] Motion to Dismiss. Dkt. 4. Also before the Court is Plaintiffs Crystal Maple and Derek Stephens' Motion to Continue Pursuant to Rule 56(d). Dkt. 8. Having reviewed this record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the

---

[1] The record before the Court in inconsistent when it comes to Nancy's last name. In some places her name appears as one word (DelColletti), in other places as two words (Del Colletti), and still in other places (including in her own affidavit) both spellings are used. The Court notes that it will use "Del Colletti" when referring to this Defendant.

motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below the Court GRANTS Plaintiffs' Motion to Continue and withholds ruling on Defendants' Motion to Dismiss at this time.

## II. BACKGROUND

Many of the underlying facts of this case are not pertinent to this Motion; however, the Court will give a brief overview to put the matter at issue in context.

Rainbow's End Recovery Center ("RERC") does business as a residential addiction treatment facility in Challis, Idaho. Bruner and Del Colletti are husband and wife and co-own RERC. Del Colletti acts as the Executive Director and Bruner acts as the property manager. Maple and Stephens are husband and wife and both worked for RERC during the timeframe in question: Stephens as a chef, Maple as a night technician and housekeeper.

Maple alleges that Bruner engaged in inappropriate conduct towards her during her employment with RERC. Maple maintains that on one occasion, on or about January 14, 2017, Bruner sexually battered her. Plaintiffs reported the incident to local law enforcement. Maple and Stephens subsequently determined that they could no longer work at RERC unless Del Colletti addressed these issues regarding Bruner's behavior towards Maple. According to Plaintiffs, Del Colletti refused. As a result of Bruner's conduct, and RERC and/or Del Colletti's failure to intervene, Maple alleges that RERC constructively discharged her in violation of law. Stephens also felt that due to the "hostile work environment," and Del Colletti's inaction, RERC constructively discharged him as well.

On August 11, 2017, Plaintiffs filed their complaint in the instant suit alleging nine different state and federal causes of action. Many of these claims revolve around Title VII of the Civil Rights Act of 1964.

On November 6, 2017, prior to filing an answer or any other responsive pleading, Defendants filed a Motion to Dismiss asking the Court to dismiss all federal claims and to decline jurisdiction over the remaining state claims. Defendants point out that in Title VII actions an employer is only liable if it employs more than 15 people. Defendants maintain that RERC has never employed more than 15 people and, therefore, Plaintiffs' claims fail out the outset.

In response to this Motion, Plaintiffs request that the Court either deny the Motion, or that the Court delay consideration under Federal Rule of Civil Procedure 56(d) until appropriate discovery can be conducted to determine the number of RERC employees.

### III. LEGAL STANDARD

A. <u>Motion to Dismiss</u>

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)

When ruling on a motion to dismiss, the court must normally convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if the court considers

evidence outside of the pleadings. *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908.

In this case, RERC asks the Court to review documents not attached to the Complaint or incorporated by reference; therefore, if the Court chooses to consider these documents, the Court must convert the Motion to Dismiss into a motion for summary judgment.

### B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 governs motions for summary judgment. It provides that the Court shall render judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment at any time until thirty days after the close of all discovery. *Id.* While the court must consider the facts in the light most favorable to the non-moving party and give that party the benefit of any reasonable inferences, *see, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), summary judgment is not a "disfavored procedural shortcut," but rather one of the chief mechanisms by which "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). The initial burden is on the moving party to show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983).

C. Rule 56(d) Motion

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(d) permits the party to submit an affidavit or declaration stating the reasons the party is unable to present the evidence, and the court may continue or deny the motion if the opposing party needs to discover essential facts. The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate that (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.,* 574 F.3d 1084 (9th Cir. 2009); *Izaguirre v. Greenwood Motor Lines, Inc.,* 2011 WL 5325658 at * 6 (D. Idaho 2011).

Rule 56(d) requires that a non-movant "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.*, Fed. R. Civ. P. 56(d). It is critical that the non-moving party explain why he or she cannot oppose the motion via an affidavit or declaration. Explanations that are merely contained in a memorandum are not sufficient. *Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir. 1986).

**IV. ANALYSIS**

Congress has determined that the definition of "employer" in the context of a Title VII claim only applies to persons or entities who employ 15 or more employees. *See* 42 U.S.C. § 2000e (b). If an employer does not meet this threshold, it is not subject to

liability under Title VII. Congress has also explained how to calculate who qualifies as an employee for the 15 person requirement:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.

*Id*. The Supreme Court has held that the threshold number of employees is not a jurisdictional question but "an element of a plaintiff's claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). The Court has further described the test for whether an employer "has" an employee for purposes of the statutory definition as the "payroll method." *Walters v. Metro. Educ. Enters., Inc.,* 519 U.S. 202, 206 (1997). An employer "has" an employee if the employer maintains an employment relationship with an individual, which is primarily determined by whether the individual appears on the employer's payroll. *Id.* at 206-212.

If the Court treats Defendants' motion as simply a 12(b)(6) motion, the motion must be denied. This is because in ruling on a motion to dismiss under 12(b)(6), the Court merely analyzes the Complaint and takes all allegations of material fact as true and construes them in the light most favorable to the Plaintiff. Documents that are not attached to the Complaint are not considered. Plaintiffs' Complaint alleges that RERC employs 15 or more employees. Dkt. 1, ¶ 11. This allegation, taken as true for purposes of 12(b)(6), is sufficient to defeat Defendants' motion. In this case, the Court will have to look outside the pleadings in order to make a sound judgment on whether RERC meets

the 15-employee threshold.² Rule 12 (d) allows the Court to transform the motion into a summary judgment motion under Rule 56. However, Rule 12(d) also requires the Court to give all parties a reasonable opportunity to present all the material that is pertinent to the motion. *See e.g., Carter v. Clark Cty.,* 253 F. App'x 638, 639–40 (9th Cir. 2007)(finding the district court erred when it considered materials outside of the pleadings in a converted motion to dismiss, but did not give the opposing party a reasonable opportunity to present material as required by Fed. R. Civ. P. 12(d)).

Defendants knew when they filed their 12(b)(6) motion that the Court would have to convert the motion to a motion for summary judgment because Defendants are the ones who submitted documents outside the Complaint. It seems a bit disingenuous for Defendants to file a 12(b)(6) motion before any discovery has occurred, attach documents to that motion knowing that would convert it into a summary judgment motion, and then object to any discovery that is necessary to give Plaintiffs a reasonable opportunity to present all the material that is pertinent to Defendants' motion.

Even by converting Defendants' Motion to a motion for summary judgment in order to consider evidence the Defendants have presented, the Court still needs further information to make its summary judgment decision. Limited discovery is necessary to enable the Plaintiffs a reasonable opportunity to gather information and facts on the

---

² In so doing, the Court will convert Defendants' Motion into a motion for summary judgment. This conversion also must occur in order for the Court to grant Plaintiffs' Rule 56(d) Motion, because a Rule 56(d) motion applies only to motions for summary judgment, not motions to dismiss.

limited issue of whether RERC employs 15 or more employees. A Rule 56(d) ruling is therefore appropriate.

Although RERC has provided its quarterly tax records filed with the Idaho Department of Labor as evidence of the number of employees it had during the relevant timeframe, Plaintiffs contend that this evidence is insufficient to establish the actual number of employees for any given month or year. The Court agrees. The definition as set forth by Congress deals in weeks, not quarters, so it is not a stretch to say that the quarterly report may not be an accurate reflection of a person's employment as defined under Title VII.[3] If the Supreme Court has ruled that the "payroll method" is the requisite test to determine if an employee meets the statutory definition set forth by Congress then RERC needs to produce their actual payroll records for the Court and Counsel to review.

Additionally, it is clear that the employment status of Del Colletti and Bruner is also at issue. The Court must determine what their ownership interests are, how to classify them, and whether they are single or joint employers of RERC. This will

---

[3] In their reply brief, Defendants state that, by not accepting as true the quarterly tax returns they provided, Plaintiffs are implying that they (Defendants) filed fraudulent documents with the State of Idaho. The Court is not in a position to make a determination on that, but does not believe that RERC has done anything fraudulent or wrong. The simple fact is that quarters and weeks may not line up to show the full picture under the relevant legal standard. For example, an individual could show up on two quarterly reports but the Court would never know how many weeks the individual actually worked during those quarters. The individual may have worked more than 20 weeks (and therefore qualify as an employee under Title VII), or the individual could have only worked the last month of one quarter and the first month of the next. Thus, the individual might show up on the report, but will not meet the 20 week threshold as outlined by Congress. This example could possible lead to over counting. An example of undercounting may be as it relates to independent contractors who may or may not appear on the quarterly tax records, but were nonetheless employees. In any event, the quarterly tax records are not sufficient.

ultimately control whether the Court should include them in the 15 total employee tally. Discovery of this information is therefore necessary in order for the Court to proceed.

Defendants contend that Plaintiffs have not meet their burden, even under Rule 56(d), because they have not (1) set forth in affidavit form the specific facts they hope to elicit from further discovery, (2) shown that the facts sought exist, and (3) shown that the sought-after facts are essential to oppose summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The Court disagrees.

First, Plaintiffs' Counsel, DeAnne Casperson, filed a declaration outlining what areas require further discovery and why Defendants' efforts thus far have not produced the necessary information that would be crucial at summary judgment. Dkt. 9-1. It does not appear that requesting time for discovery is futile or a stall tactic but rather a necessary element in Plaintiffs' opposition to Defendants' Motion. Casperson further outlines the facts Plaintiffs hope to elicit—specifically, material necessary to determine if RERC had 15 employees. Dkt. 9-1, ¶ 15.

The second requirement for a favorable 56(d) ruling requires the non-moving party to show that the facts sought exist. Here it is clear that the materials necessary to determine this fact exists. Payroll documents, contracts, corporate disclosures and the like are presumably within Defendants control and, once produced, will shed light on this matter.

Turning to the merits of the claim, and the third element of a successful 56(d) motion, Plaintiffs have clearly identified why this information is essentially for them to

defend against Defendants' Motion. Simply put, this issue is dispositive: if there are 15 or more employees, the Court will keep the case; if there are not, the Court will dismiss the federal claims and remand the state claims. It is self-evident that these facts are relevant to summary judgment.

The Court is not interested in additional time and expense for anyone involved, but frankly put, cannot make a determination at this time on Defendants' Motion. Defendants' point however—that the floodgates need not be opened—is well taken. To that end, the Court will limit discovery to the question of the number of RERC employees as required by Title VII.[4] Accordingly, the Court will withhold judgment on Defendants' Motion to Dismiss at this time.

## ORDER

**IT IS ORDERED:**

1. The Court will not rule on Defendants' Motion to Dismiss (Dkt. 4) at this time.

2. Plaintiffs' Rule 56(d) Motion to Continue (Dkt. 8) is GRANTED.

3. Discovery shall take place under the following conditions:

---

[4] The Court does not like limiting discovery because inevitable parties will request further guidance on what is/is not included or allowed. In this case, it is clear that the Court must determine the true number of employees in order to decide if the claims can even proceed under Title VII. Defendants should produce any and all discovery related to making this determination, including, but not limited to, the suggestions in paragraph 15 of DeAnne Casperson's declaration filed by Plaintiffs. Dkt. 9-1, ¶ 15.

    a. Discovery is limited to the topic of the number of RERC employees for purposes of Title VII.

    b. Plaintiffs shall have 30 days from the date of this order to serve their discovery requests on Defendants (if they have not already done so).

    c. Pursuant to F.R.C.P. 34(b)(2)(A), Defendants shall have 30 days from receipt of Plaintiffs' requests to respond.

4. Defendants shall then have 30 days from the date of their responses to Plaintiffs' discovery requests to file a renewed motion or provide notice to the Court of their intent to withdraw their original Motion to Dismiss (Dkt. 4).

DATED: January 16, 2018

David C. Nye
U.S. District Court Judge